Judson H. Henry  SB # 226743
1017 L Street #722
Sacramento, CA  95814
Phone:  (916) 670-9564
Fax:　　(916) 200-2440
E-mail:  jhhenry2000@yahoo.com

**Attorney for Debtor Herbert Edward Miller**

# IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>　　HERBERT EDWARD MILLER,<br><br>　　　　Debtor<br>_____ | Case No.:　2018-26373<br>Chapter:　　13<br>DC No.:　　JHH-1<br><br>Date:　　　February 12, 2019<br>Time:　　　3:00 p.m.<br>Courtroom No.:  33; Department E<br>Judge:　　　Hon. Ronald H. Sargis<br><br>United States Courthouse<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

**DECLARATION OF HERBERT EDWARD MILLER IN SUPPORT OF DEBTOR'S REPLY TO TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO RECONSIDER ORDER DISMISSING CASE**

I, HERBERT EDWARD MILLER, declare as follows:

1.　　I am the Debtor ("Debtor") in the above-captioned bankruptcy case.

2.　　On or about October 9, 2018, I filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.  I filed my petition in this case on an urgent, rush emergency basis and so filed so called "skeletal petition."  Furthermore, I at this time could not retain counsel, and so I had no choice by to proceed *in pro se*.

3.　　At the time I filed my voluntary petition in this case, I didn't realize at that time, when I filed *in pro se,* that chapter 13 is much more complex, involved, and difficult than chapter 7.  By the time I realized this and so learned this, it was too late.  Once I had filed and once I, too late, learned chapter 13 is much more complex, involved, and difficult than chapter 7, I simply

did not and was not able to understand the procedure and what was required of me as case unfolded during first month or so, until as a direct consequence of this my case was inevitably dismissed. I did not file and never proceeded in so-called "bad faith;' that is, I simply did not understand what was required of me and I simply could not keep up. That is all that happened. The bottom line is that my failure to meet requirements was a consequence of only my inability to understand requirements, and a consequence of this alone.

4. Consequent to the above, I understand that on or about November 7, 2018 this Court dismissed my case.

5. Thereafter, after dismissal realizing I cannot possibly proceed on my own *in pro se*, I retained Judson Henry to represent me in this above-captioned chapter 13 case. Upon review of my case, during mid January 2019, to the surprise of my counsel Judson Henry (I am informed) just as much as to my own surprise, we learned that, despite dismissal of my case having been entered in early November 2018, my case, inexplicably, nonetheless remained open as of mid January 2019.

6. Back in October 2018, I had scheduled a large amount of household items, with a value I believed to be in excess of $50,000. However, during the time-period between then and now, the secured creditor with an alleged claim secured by the real property upon which all of the same household items were stored foreclosed, took possession of all of the same household items and thereafter sold all of them. Because of this, I am informed and believe that at this point in time if I were to proceed in chapter 7, my case would turn out to be a so-called "no asset" case.

7. Notwithstanding any of the above, I am now at present in an even better posture to reorganize than I was last fall. This is because my business results, both in terms of prospects as well as presently fully consummated deals, have continued to improve to an even greater extent over the past approximately half year. What my business activity entails is that I locate distressed real properties, then locate investors who are interested in purchasing and rehabilitating these properties, in both senses of contractual debt issues as well as physical property issues. I earn income upon the successful closure of such real property rehabilitation

2

**Petition for Reconsideration of Order Dismissing Case – Reply [Trustee]
Miller Declaration
In re Herbert Edward Miller; Case No. 2018-26373**

projects. I presently am doing better than I have at any time over the past few years, and very importantly better than in October 2018 when I filed my petition in this case. Furthermore, I very much do want to reorganize, especially because I now very much have the means to do so and very reasonably can foresee I will continue to have the means to do so going in to the future. I have been advised that in order to reorganize that, because of my total amount of secured debt, I must reorganize under chapter 11, not chapter 13. Because I firmly believe I have the means to reorganize successfully, and also meet my administrative costs in doing so, and most importantly meet my required payments to creditors ongoing, I now desire to proceed under chapter 11, and I believe being allowed to do so will be the most beneficial course forward for my creditors as a whole, as well as for myself.

8. As above, what I do for business and income is I located distressed properties that are close to a foreclosure or other type of disadvantageous sale, thereafter locate investor(s) who are interested in intervening with a purchase offer more advantageous to all interested parties involved, and then I work, as necessary, to facilitate the actual transactions as proposed. I am at present doing very well with this, and I have steadily and consistently increased my business activity and bottom line revenue results over the past approximately two years. In keeping with this, I am presently doing even better than I was last fall when I filed this case under chapter 13. At present, I have several I have facilitated that are very near closure, with many more that are in the "pipeline" at various stages, and so I can with high confidence very reasonably foresee consistent income from which to fund plan payments, and with very high likelihood of this continuing onward into the future.

9. From the time immediately prior to my petition date of October 9, 2018 all the way through to the present, I have received litigation and foreclosure threats and actions consequent to my prior restricted cash flows and need for debt reorganization. I have a strong need and therefore firm desire to proceed with this case rather than file a new case, in order to, as I am informed, prevent the appearance of such a filing being "not in good faith" as defined under 11 U.S.C. § 362(c)(3), due to my new case being a second case filed within one year. Even more importantly, I desire to reorganize my debts, commence plan payments to my creditors, and

**Petition for Reconsideration of Order Dismissing Case – Reply [Trustee]**
**Miller Declaration**
**In re Herbert Edward Miller; Case No. 2018-26373**

move on with my business and my life, the sooner the better. Here, the truth of the matter is there was no bad faith of any kind whatsoever on my part; I simply did not understand procedural requirements – that is all. It was my full intent to reorganize when I filed my chapter 13 back in October 2018, and this remains fully my intent at this time.

　　　　10.　Because this case remains open, I understand it would be highly disadvantageous for me to file a new case, which would result in me having two open bankruptcy cases at the same time. Because I am ready and able to proceed with a reorganization right now in the present, yet for whatever reason this case remains open, it seems to me only fair and equitable the Court should, in order to in the simplest manner clean thing up, vacate its prior Order Dismissing Case and the convert this case to chapter 11, so that I may then simply proceed to reorganize under chapter 11.

　　　　I declare under penalty of perjury that the foregoing is true and correct. Executed on February 5, 2019 at Sacramento, California.

　　　　Dated:　February 5, 2019

By: _____/s/ Herbert Edward Miller____
　　　Herbert Edward Miller, Declarant; Debtor

4

**Petition for Reconsideration of Order Dismissing Case – Reply [Trustee]**
**Miller Declaration**
**In re Herbert Edward Miller; Case No. 2018-26373**