Judson H. Henry  SB # 226743
1017 L Street #722
Sacramento, CA  95814
Phone:  (916) 670-9564
Fax:     (916) 200-2440
E-mail: jhhenry2000@yahoo.com

**Attorney for Debtor Herbert Edward Miller**

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>    HERBERT EDWARD MILLER,<br><br>           Debtor<br>_____ | Case No.:  2018-26373<br>Chapter:  13<br>DC No.:  JHH-2<br><br>Date:  March 21, 2019<br>Time:  10:30 a.m.<br>Courtroom No.:  33; Department E<br>Judge:  Hon. Ronald H. Sargis<br><br>United States Courthouse<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

### DECLARATION OF DEBTOR HERBERT EDWARD MILLER IN SUPPORT OF DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 11

    Debtor HERBERT EDWARD MILLER  (the "Debtor") makes the following statements in support of his Motion to Convert the above-captioned case to a case under Chapter 11 of Title 11 of the United States Code (the "Motion"), as follows:

    1.    I am the Debtor in this case, and I make the following statements based on my personal knowledge of the facts.

    2.    When I initiated this case, I filed a so-called "skeletal petition" as an emergency filing consequent to an immediately-impending nonjudicial foreclosure auction.  At this time, I did not have legal representation and so I proceeded on my own, representing myself, as best as I could.  I did not realize or understand everything involved in proceeding with a chapter 13 case, and consequently I failed to timely meet one or more requirements.

3. Over the course of the approximately four months since I filed this case, my business results, both in terms of prospects as well as presently fully consummated deals, have continued to improve. What my business activity entails is that I locate distressed real properties, then locate investors who are interested in purchasing and rehabilitating these properties, in both senses of contractual debt issues as well as physical property issues. I earn income upon the successful closure of such real property rehabilitation projects. I presently am doing better than I have at any time over the past few years, and very importantly better than in October 2018 when I filed my petition in this case. Based upon this, I not only want to reorganize all of my debts and property, I firmly believe I now realize income sufficient that I can successfully do so.

4. At the time I completed my petition and schedules, during or about October 2018, my circumstances forced me to make rushed decisions and I believed I would need to surrender most of my property encumbered by secured debt. More recently, now having retained counsel, now having had more time to fully consider this decision, and most importantly now with my (as above) improved revenue/income situation, I desire to reorganize most if not all of my debt secured by real property and keep ownership of the same real property securing this debt as part of an overall reorganization.

5. At the present time, having now retained counsel and having discussed the maximum secured debt limits for a chapter 13 case, I am no presently informed and believe that I do not qualify for and so cannot confirm a plan under Chapter 13. I nonetheless do wish to proceed and reorganize my debt, so at this time I desire to convert my case to chapter 11 and proceed with a reorganization pursuant to chapter 11.

6. Based on all the facts above, I am informed and believe there is a substantial chance, actually near certainty, that the total amount of my secured debt will be deemed too great for a reorganization under Chapter 13. I am aware and understand that consequent to the conversion to Chapter 11 as I am requesting, I as Debtor will incur additional Court filing fees. It is my intention to pay the additional Court fees promptly when requested, and I am informed and believe that I will be able to do so.

**Motion to Convert Case to Chapter 11 – Miller Declaration**
**In re Herbert Edward Miller; Case No. 2018-26373**

7. As of today's date, I have already spent a considerable amount of time working with my attorney to prepare the amended schedules as are required, as well as to prepare the additional schedules that are required under chapter 11. I am confident I will have these completed and filed well prior to the March 21, 2019 hearing date for this Motion.

8. As of today's date, I have a real property, commonly described as 18414 NE 391st Street, Amboy, WA 98601 on the market and listed on the MLS. I own a 75% interest in this property and am informed and believe it has approximately $300,000 equity, such that even after costs, I reasonably anticipate to realized approximately $200,000 this spring or summer. I am furthermore in the start-up phase of a jewelry business, which specifically will purchase raw jadeite and smooth and polish it for resale. At present, we have the purchase of a $1,000,000 batch of raw jadeite (to be funded by an investor). I have an extensive background and experience as a custom jeweler, and based on this I reasonably anticipate realizing from $5,000,000 to $100,000,000, over time, upon sale of cut and polished and then appraised stones. We anticipate marketing cut and polished stones at either Sotheby's or Christie's. Based upon both of the above, I am very confident that in all likelihood I will be able to propose and confirm a feasible chapter 11 plan that lawfully provides for all of my creditors, and then I will be fully able to fully perform upon my plan all the way to its completion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 27, 2019

By: ____/s/ Herbert Edward Miller____
Herbert Edward Miller, Declarant and Debtor

3

**Motion to Convert Case to Chapter 11 – Miller Declaration**
**In re Herbert Edward Miller; Case No. 2018-26373**