# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Herbert Edward Miller | **Case No :**<br>**Date :**<br>**Time :** | 13−23040 − B − 11<br>11/26/13<br>09:32 |

| | | |
|---|---|---|
| **Matter :** | [135] – Motion/Application to Dismiss Case [PD−2] Filed by Creditor JPMorgan Chase Bank, National Association, CITIMORTGAGE, INC. (mfrs) Modified on 10/9/2013 (mfrs).<br>[135] – Motion/Application to Convert Case From Chapter 11 to Chapter 7 [PD−2] Filed by Creditors CITIMORTGAGE, INC., JPMorgan Chase Bank, National Association (Fee Paid $0.00) (mfrs) | UNOPPOSED |

**Judge :** Thomas Holman
**Courtroom Deputy :** Sheryl Arnold
**Reporter :** Diamond Reporters
**Department :** B

**APPEARANCES for :**
**Movant(s) :**
**Respondent(s) :**
        Debtor(s) Attorney – Gilbert E. Maines
        Debtor – Herbert Edward Miller

Disposition Without Oral Argument *as modified: The motion is unopposed. The court issues the following abbreviated ruling.

The motion is granted *in part, and the instant case is dismissed. Pursuant to 11 U.S.C. § 109(g)(1), the debtor may not commence a bankruptcy case for a period of 180 days after entry of the order dismissing this case. Except as so ordered, the motion is denied.

By this motion, creditors JPMorgan Chase Bank, N.A. and CitiMortgage, Inc. (collectively, the "Creditors") seek dismissal of this chapter 11 case or, alternatively, conversion of this chapter 11 case to one under chapter 7. Pursuant to 11 U.S.C. § 1112(b)(1), the court shall convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, for cause. Section 1112(b) limits the foregoing directive in several ways:

First, under section 1112(b)(1), the court shall not convert or dismiss the case if the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate. Section 1104(a)(2) states that "at any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor." 11 U.S.C. § 1104(a)(2).

Second, under section 1112(b)(2), the court may not convert or dismiss the case, even if the movant

establishes cause, if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes the requirements of sections 1112(b)(2)(A) and (B). Specifically, the debtor or any other opposing party in interest must establish that:

(A) There is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) The grounds for converting or dismissing the case include an act or omission of the debtor other than substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation – (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2)(A)–(B).

Section 1112(b)(4) sets forth a non–exhaustive list of examples of "cause." If one of the enumerated examples of cause set forth in section 1112(b)(4) is proven by the movant by a preponderance of the evidence, the court must find that the movant has established cause. 7–1112 Collier on Bankruptcy § 1112.04 (16th ed. 2013).

The court finds, for the reasons stated in the motion, that the Creditors have established cause for dismissal or conversion under 11 U.S.C. §§ 1112(b)(4)(A), (D), (E), (F), and (J).

The court further finds that the debtor has not established that, even though cause exists, the case should not be dismissed or converted. The debtor has failed to file any response to the Creditors' motion. In fact, the only significant activity undertaken by the debtor since the filing of this motion has been the filing of monthly operating reports for the months of September and October 2013. The court notes that the October 2013 monthly operating report shows a negative cash flow of $1,960.00. Therefore, the debtor has failed to meet its burden under sections 1112(b)(2)(A) and (B).

The court makes no finding of unusual circumstances that would establish that dismissing or converting this case would not be in the best interests of creditors and the estate.

The court finds that dismissal of this case is in the best interest of creditors and the estate. As set forth in the motion, the estate appears to contain no assets that could be liquidated for the benefit of unsecured creditors. The court further finds that the cause shown in the motion, coupled with the debtor's failure to respond to the motion, constitutes willful failure to abide by orders of the court and willful failure to appear before the court in proper prosecution of the case.

The court will issue a minute order.